# United States District Court
# Northern District of Indiana

| | |
|---|---|
| TONY L. LOVE, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Civil Action No. 3:12-CV-833 JVB |
| | ) |
| SUPERINTENDENT, | ) |
| | ) |
| Respondent. | ) |

**OPINION AND ORDER**

Tony L. Love, a *pro se* prisoner, filed an amended habeas petition under 28 U.S.C. § 2254 challenging a prison disciplinary conviction. (DE 4.) On August 10, 2012, Love was found guilty in WCC 12-08-007 of committing a violation of state law, specifically, stalking. (*Id.*) Among other sanctions, he lost earned time credits and was demoted to a lower credit-earning class. (*Id.*) After Love filed this petition, the Indiana Department of Correction ("IDOC") decided to vacate the disciplinary conviction and remand the case for a new hearing. (DE 13-1.)

Based on the IDOC's action, the respondent moves to dismiss the petition as moot. As the respondent points out, because the conviction has been vacated, there is at present nothing for this court to review. *See Hadley v. Holmes*, 341 F.3d 661, 664 (7th Cir. 2003) (prison disciplinary conviction can be challenged in a federal habeas proceeding only if it lengthened the duration of the petitioner's confinement)*; see also Brown v. Bartholomew Consol. Sch. Corp.*, 442 F.3d 588, 596 (7th Cir. 2006) ("For a case to be justiciable, a live controversy must continue to exist at all stages of review, not simply on the date the action was initiated.").

Love filed an opposition to the motion, arguing that the petition should not be dismissed because he served time in disciplinary segregation and lost phone privileges as a result of the guilty finding. (DE 19.) However, this is not a basis for keeping the petition alive. Disciplinary

segregation and loss of privileges affect the "severity" rather than the "duration" of custody. *Montgomery v. Anderson*, 262 F.3d 641, 643 (7th Cir. 2001). As the U.S. Court of Appeals for the Seventh Circuit has explained, "More restrictive custody must be challenged under § 1983, in the uncommon circumstance when it can be challenged at all." *Id.*; *see also Sandin v. Conner*, 515 U.S. 472, 484-85 (1995) (prisoners are not entitled to due process protections unless a change in prison conditions results in an "atypical and significant hardship" when compared to "the ordinary incidents of prison life").

Love also appears to argue that the prison has no authority to conduct another hearing on the same charge. (DE 19.) To the extent he is trying to raise a double jeopardy challenge, his argument is unavailing, since double jeopardy principles do not apply in the prison disciplinary context. *See Meeks v. McBride*, 81 F.3d 717, 722 (7th Cir. 1996). Accordingly, the petition will be dismissed. However, if Love is dissatisfied with the results of the new hearing, he is free to file a new habeas petition after exhausting his administrative remedies.

For the reasons set forth above, the petition (DE 4) is **DISMISSED**.

**SO ORDERED** on August 29, 2013.

   s/ Joseph S. Van Bokkelen
Joseph S. Van Bokkelen
United States District Judge
Hammond Division